FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 DEC 21 PM 4:58
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) CASE NO. CV415-214
)
APPROXIMATELY $239,965.00 IN )
UNITED STATES DOLLARS HELD AT )
REITUMU BANK, ACCOUNT NO. )
0000609806182, )
)
    Defendant. )
_____ )

## O R D E R

Before the Court is the United States' Application for Default Judgment and Final Order of Forfeiture. (Doc. 10.) In that application, the Government asks for the entry of judgment in rem against the funds held at Reitumu Bank, Account Number 0000609806182 (the "Defendant Property"), as well as against United Metal Products, Ryan Jones, Mike Sobora, Codi Manufacturing, David Eden Dix, and Bayline Marine Boats, Inc., their heirs, successors, and assigns and all other persons and entities having an interest in the Defendant Property. For the following reasons, the motion is **GRANTED**.

On July 30, 2015, the Government filed a Verified Complaint for forfeiture in rem against approximately $239,965 in U.S. Currency. (Doc. 1.) The Complaint alleges that Defendant Property is subject to forfeiture pursuant to 18 U.S.C.

§ 981(a)(1)(C) because it is derived from proceeds traceable to violations of 18 U.S.C. §§ 513; 1341; 1343; 1344; 1956 and 1957. (Doc. 1.) Alternatively, the Complaint alleges that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, 1957 or 1960. (Doc. 1.)

Where the Government brings a civil forfeiture action in rem that arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P., Supp. R. (G)(1). Based on the facts before the Court, the Government appears to have complied. The Complaint was verified, stated the grounds for subject matter jurisdiction and venue, described the property with reasonable particularity, stated the location of the property when seized and when the action was filed, identified the federal statute under which the forfeiture action was brought, and stated sufficient facts to support a reasonable believe that the Government will be able to meet its burden of proof at trial. See United States v. $14,660 in U.S. Currency, 2013 WL 394155, at *2 (S.D. Ga. Jan. 30, 2013). Likewise, the Government complied with the notice requirements by publishing the notice of forfeiture on its website for thirty

consecutive days (Doc. 7) and serving known potential claimants (Doc. 6). Fed. R. Civ. P., Supp. R. G(4)(a)-(b).

As reflected in the record, no persons or entities having an interest in Defendant Property have filed either a claim or answer, or otherwise appeared in this action. No person with standing is before the Court with cause to show why judgment by default should not be granted to the United States and against Defendant Property. Furthermore, no person with standing is before the Court to object to the United States' Motion for Default Judgment and Final Order of Forfeiture.

Therefore it is hereby **ORDERED** that:

1. The United States' Motion for Default Judgment and Final Order of Forfeiture is **GRANTED**;

2. Defendant Property is hereby condemned and forfeited to the United States of America, and all right, title, claim, and interest to Defendant Property by United Metal Products, Ryan Jones, Mike Sobora, Codi Manufacturing, David Eden Dix, and Bayline Marine Boats, Inc., their heirs, successors, and assigns and all other persons and entities are vested in the United States of America;

3. United Metal Products, Ryan Jones, Mike Sobora, Codi Manufacturing, David Eden Dix, and Bayline Marine Boats, Inc., their heirs, successors, and assigns and all other persons and

entities are forever barred from asserting a claim against Defendant Property;

4. The United States Marshals Service or an authorized designee shall dispose of Defendant Property according to law and regulatory procedures; and

5. The Clerk is hereby directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure upon the same terms and conditions as outlined in this Default Judgment and Final Order of Forfeiture.

The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 21st day of December 2015.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA